# Group Exhibit 1

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>19-014243-CK<br>Hon. Leslie Kim Smith |

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-2427

**Plaintiff's name(s), address(es), and telephone no(s)**
LEONARD, MARIE

v

**Defendant's name(s), address(es), and telephone no(s).**
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

**Plaintiff's attorney, bar no., address, and telephone no**

Bradley M. Peri 73146
17000 W 10 Mile Rd Ste 200
Southfield, MI 48075-2902

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☑ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/25/2019 | Expiration date*<br>1/24/2020 | Court clerk<br>Mai Xiong |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**SUMMONS**
Case No.: **19-014243-CK**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date
My commission expires: _____ Signature: _____
Date                                  Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
Day, date, time
_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARIE LEONARD,

    Plaintiff,

vs

Case No.: 19-    -CK
Hon.:

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,
a Connecticut Corporation

    Defendant.
_____/

**BRADLEY M. PERI P73146**
**GOODMAN ACKER, P.C.**
Attorneys for Plaintiff
17000 W. Ten Mile Road, 2nd Floor
Southfield, Michigan 48075
(248) 483-5000
_____/

**THERE IS CURRENTLY NO OTHER CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT CURRENTLY PENDING OR PREVIOUSLY FILED WITH THE COURT.**

## COMPLAINT

NOW COMES Plaintiff, MARIE LEONARD, by and through counsel, GOODMAN ACKER, P.C., and for her Complaint, states as follows:

1. Plaintiff, MARIE LEONARD, is a resident of the City of Wyandotte, County of Wayne, State of Michigan.

2. Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter referred to as "HARTFORD") is a Conneticut corporation duly authorized to transact the business of health, life and disability insurance in the State of Michigan and does in fact regularly and systematically conduct this business in the

County of Wayne, State of Michigan accepting service through The Corporation Company, 40600 Ann Arbor Road, E., Suite 201, Plymouth, Michigan 48170.

3. The amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars.

4. Plaintiff, on or about <u>May 4, 2016</u>, was insured under the provisions of a disability insurance policy (no. GLT696981) issued by Defendant, HARTFORD.

5. Said policy was governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001, et seq.

6. Defendant, HARTFORD, under the terms and conditions of the said disability insurance policy, became obligated to pay to the Plaintiff, certain expenses or losses in the event Plaintiff sustained an injury or illness that resulted in his disability from employment and/or inability to work for an extended period of time.

7. Plaintiff was diagnosed with Fibromyalgia, Complex Regional Pain Syndrome, Osteoarthritis and Depression, among other disorders.

8. As a result of the abovementioned disabilities, Plaintiff was deemed unable to return to work by her treating physicians as a result of treatment that She would have to receive as a result of her disabilities.

9. Said disabilities further limited Plaintiff from performing the material and substantial duties of his regular occupation, as well as any occupation, as defined in Defendant HARTFORD's policy.

10. Defendant, HARTFORD, wrongfully terminated Plaintiff's long-term disability benefits on <u>September 18, 2018</u> with no further benefits payable after <u>November 5, 2018</u>.

2

11. Defendant, HARTFORD, upheld it's above decision on <u>September 20, 2019</u>.

12. Plaintiff, as a result of the said injuries and subsequent related disabilities, has incurred a substantial loss of wages and brings this action pursuant to 29 USC §1132(a)(1)(B).

13. Defendant has failed, refused or neglected to pay Plaintiff the aforesaid wage loss disability payments in accordance with their policy even though reasonable proof of illness and employment disability has been submitted.

14. Defendant's failure and/or refusal to pay the aforesaid disability insurance benefits is continuous and ongoing and, as a consequence thereof, Plaintiff continues to incur allowable expenses for which the Defendant is liable and for which Plaintiff is entitled to recover herein.

15. The aforesaid disability benefits due and owing to or for the benefit of Plaintiff are overdue thereby entitling Plaintiff to recover statutory interest pursuant to 29 USC §1001, et seq.

16. Defendant has unreasonably refused or delayed in making proper payments to the Plaintiff, which permits the Plaintiff to obtain reasonable attorney fees from Defendant pursuant to 29 USC 1132(g)(1).

3

WHEREFORE, Plaintiff, MARIE LEONARD, respectfully prays that damages may be awarded in Plaintiff's favor against Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY for the following elements of damage pursuant to 29 USC §1001, et seq.:

a. All disability insurance payments found to be due and owing to Plaintiff from November 5, 2018 to present, pursuant to 29 USC §1132, as those benefits are more fully described in this Complaint;

b. Statutory interest at the rate of twelve percent (12%) per annum on all overdue disability insurance benefits pursuant to 29 USC §1001, et seq;

c. Penalty interest at the rate of twelve percent (12%) per annum on all overdue disability insurance benefits pursuant to 29 USC §1001, et seq;

d. Reasonable attorney fees for Defendant's unreasonable refusal and/or unreasonable delay in making proper payment of disability insurance benefits payments pursuant to 29 USC 1132(g)(1);

e. Additional interest on civil judgments allowed under the Michigan Revised Judicature Act (RJA);

f. Taxable costs, fees and other expenses as permitted by statute, court rule and common low; and

g. Any and all other relief that this Court determined to be fair, just and appropriate under the facts and circumstances of this case.

Respectfully submitted,

**GOODMAN ACKER, P.C.**

/s/ Bradley M. Peri
BRADLEY M. PERI P73146
Attorneys for Plaintiff

Dated: October 25, 2019

4